IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00339-MR

SHERWAYNE AKEEM BASCOM,        )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
CHRISTOPHER CENTOIA, et al.,   )         ORDER
                               )
            Defendants.        )
_____)

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

I. **BACKGROUND**

The Plaintiff, a pretrial detainee at the Buncombe County Detention Facility, filed this action pursuant to 42 U.S.C. § 1983.[1] Shortly after the Plaintiff was granted leave to proceed in forma pauperis, he filed a Motion

---

[1] The Plaintiff's pending charges include first-degree murder, attempted first-degree murder, assault with a deadly weapon with intent to kill or inflict serious injury, assault with physical injury on a probation or parole officer, assault on a government official/employee, robbery with a dangerous weapon, and possession of a firearm by a felon in Buncombe County Case Nos. 20CRS083569, 20CRS083570, 20CRS000118, 21CRS088932, 20CR087108, 20CRS083571, and 20CRS083574. This information is gleaned in part from the Buncombe County Sheriff's Office website. See https://buncombecountyso.policetocitizen.com/Inmates/Catalog (last visited April 29, 2022); Fed. R. Evid. 201.

seeking to amend and supplement the Complaint. [Doc. 9]. On March 9, 2022, the Court issued an Order [Doc. 11] denying the Plaintiff's piecemeal attempts to amend and supplement the Complaint and granted him 30 days within which to file a superseding Amended Complaint, which is now before the Court for initial review. [Doc. 12].

The Plaintiff names as Defendants, in their official capacities, the following Buncombe County Sheriff's Department employees: Anthony Gould, a major; Bert Alexander, Alexander Allman, FNU Ray, FNU Fishbauch, and FNU Montgomery, lieutenants; Jonathan Reems, FNU Varner, Johnathan Robert Johnson, FNU Jones, and Matt O. Davis, sergeants; FNU Littell and FNU Rogers, captains; Christopher Centoia, Andrew Wesley Chase, Charles Thomas Neal, and McKenzie Jackie Wildes, Storm Team officers; and FNU Hobbs, an officer. The Plaintiff asserts claims for "First Amendment retaliation claims (excessive use of force) due process clause 14th Amendment, 8th Amendment, and violation of attorney client privilege."[2] [Id. at 4]. As injury, he claims "mental anguish," "psychological

---

[2] Much of the Amended Complaint is "legalese" from which the Court can glean no meaningful claim and which warrant no further discussion. See, e.g., [Doc. 12 at 8] ("As I continue, this is how these diabolical ideologies become a conceivable dynamic of corruption, 'exceptional deceptiveness' through articulate sophistication 'this systematic structure is implemented through means of debasement.'"). He also alludes to "N.C. Statutes" [id. at 13], defamation [id. at 8], and "assault[]" [id. at 11], but it is unclear whether he is attempting to invoke the Court's supplemental jurisdiction.

2

trauma," depression, and "physical pain and suffering due to a pinched nerve, back pain and trouble urinating." [Id. at 15]. He seeks damages. [Id. at 15-16].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a complaint which set

3

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the body of the Amended Complaint refers to individuals who are not named as Defendants in the caption as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"); see, e.g., [Doc. 12 at 11, 15 (referring to Officer Morgan, seeking damages from Sheriff Quentin Miller)]. The allegations directed at individuals not named as Defendants are dismissed without prejudice.

The Plaintiff purports to sue the Defendants, who are all Buncombe County Sheriff's Department employees, for damages in their official capacities. [See Doc. 12 at 3-6, 15-16]. Suits against sheriff's office employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitacker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such claims, a plaintiff must allege that a sheriff's office policy or custom resulted in the violation of federal law. See Monell v. N.Y. Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same).

Here, the Plaintiff makes vague allusions to a "code of silence about staff's misconduct," a "systematic scheme," and "unjust" municipal policies that punished and psychologically traumatized him. [Doc. 12 at 5, 8, 12, 15]. However, he fails to adequately support these conclusory allegations with facts that would support a plausible Monell claim. Accordingly, the Plaintiff's § 1983 claims against the Defendants in their official capacities are dismissed for failure to state a claim upon which relief can be granted.[3]

---

[3] Had the Plaintiff has attempted to assert claims under North Carolina law, the Court would decline to exercise supplemental jurisdiction because no federal claim has passed

5

Case 1:21-cv-00339-MR   Document 14   Filed 05/05/22   Page 5 of 7

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant, and the Amended Complaint is dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to file a Second Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Amended Complaint. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file a Second Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 12] is **DISMISSED WITHOUT PREJUDICE.**

2. The Plaintiff shall have thirty (30) days in which to file a Second Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to file a Second Amended Complaint in the instant case

---

initial review. See Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3).

in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: May 5, 2022

Martin Reidinger
Chief United States District Judge