IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00339-MR

SHERWAYNE AKEEM BASCOM, )
)
                Plaintiff, )
)
vs. )
)
CHRISTOPHER CENTOIA, et al., )      **ORDER**
)
                Defendants. )
_____ )

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint. [Doc. 15]. Also pending is a Motion for Service of Summons.[1] [Doc. 16]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The Plaintiff, who is a pretrial detainee at the Buncombe County Detention Facility, filed this action pursuant to 42 U.S.C. § 1983. The Amended Complaint[2] was dismissed on initial review and the Plaintiff was

---

[1] This pleading is simply titled "Motion."

[2] The Court granted the Plaintiff the opportunity to amend before it reviewed the Complaint for frivolity because the Plaintiff had attempted to amend the Complaint piecemeal. [See Docs. 10, 11].

provided the opportunity to amend. [Docs. 12, 14]. The Second Amended Complaint is now before the Court for initial review. [Doc. 15].

The Plaintiff names as Defendants in their official capacities "Sheriff Office" and the same Buncombe County Sheriff's Office (BCSO) employees that he named as Defendants in the Amended Complaint. [Id. at 2-5; see Doc. 14]. He describes his claims as "First Amendment Retaliation claim Excessive Force 14th Amendment Due Process Clause, 8th Amendment violation of 6th Amendment attorney client privilege, Due process claim(s), 'Monell Claim' on Sheriff Office court access claim(s), municipal policy claim, discrimination claim." [Doc. 15 at 5]. As injury, he claims that, "[d]ue to the duration of solitary confinement [he] suffered by way of mental anguish due to the psychological trauma [he has] endured from the abnormal prolonged isolation, [he is] taking … anti-depressants, seeking mental health, along with taking pain medication for physical pain," i.e., "a pinched nerve, severe back pain and trouble urinating." [Id. at 11]. He seeks compensatory damages. [Id. at 10-11].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, the Plaintiff has again named the Defendants only in their official capacities. He asserts generally that the various Defendants were acting under the color of state law and "pursuant to policy" when they violated his rights. However, his vague and conclusory allegations fail to state a Monell claim for the same reasons discussed in the Order on initial review of the Amended Complaint. [See Doc. 14 at 5]. The Second Amended Complaint is, therefore, dismissed without prejudice.

Also pending is a Motion for Service of Summons in which the Plaintiff asks the Court to direct the U.S. Marshals Service to serve summonses on the Defendants. [Doc. 16]. The Motion is denied as moot because no claim has passed initial review.

## IV. CONCLUSION

In sum, the Court concludes that the Second Amended Complaint has failed to state a claim upon which relief can be granted, and the Motion for Service of Summons is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Second Amended Complaint [Doc. 15] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A for failure to state a claim upon which relief can be granted.

2. The Plaintiff's Motion for Service of Summons [Doc. 16] is **DENIED AS MOOT**.

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: September 7, 2022

Martin Reidinger
Chief United States District Judge